# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2475

_____

Edna H. Jokinen,                            *

             Appellant,              *

       v.                      *   Appeal from the United States
                              *   District Court for the District
William J. Henderson, Postmaster   *   of Minnesota.
General, United States Postal Service,  *
                              *       [UNPUBLISHED]
           Appellee.           *

_____

Submitted:  December 7, 2000

Filed:  December 20, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Edna Jokinen appeals the district court's dismissal of her employment discrimination complaint.  Ms. Jokinen, a postal clerk, filed this action against the Postmaster General of the United States Postal Service (USPS) following a limited-duty assignment from the Department of Labor (DOL).  Using a form Title VII complaint, she complained of "[d]iscrimination because of being placed on light duty due to job related injury (physical disability)."  The form provided boxes--for race, color, sex, religion, and national origin--to indicate the nature of the discriminatory action.

Leaving these blank, Ms. Jokinen handwrote "Physical Disability" and checked an accompanying handwritten box. She attached a copy of the USPS's final agency decision, which listed the particular actions she had unsuccessfully challenged in her administrative charge (primarily involving her working conditions).

Ms. Jokinen later filed a motion for summary judgment, which the district court struck for failing to comply with a local rule. Acting sua sponte, the court also dismissed Ms. Jokinen's complaint for failure to state a claim, reasoning that Title VII does not proscribe disability discrimination.

We review de novo dismissals for failure to state a claim, which are appropriate only when the plaintiff can prove no set of facts entitling her to relief. See Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993). We believe that Ms. Jokinen pleaded facts supporting a claim under the Rehabilitation Act. See 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability . . . be subjected to discrimination under any program or activity conducted . . . by the United States Postal Service."). Her form complaint was not subject to dismissal just because it was submitted on the wrong form. See Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) ("'[I]t is the facts well pleaded, not the theory of recovery or legal conclusions,' that state a cause of action and put a party on notice.") (quoted case omitted), cert. denied, 121 S. Ct. 176 (2000). We reject the USPS's contention that a Rehabilitation Act claim would be barred by 5 U.S.C. § 8128(b): Ms. Jokinen does not challenge the DOL's limited-duty job offer; instead, she complains of discrimination by the USPS because of her limited-duty status, stemming from a disability. We also reject the USPS's argument that Ms. Jokinen did not sufficiently demonstrate an adverse employment action. See Ring, 984 F.2d at 926-27 (prima facie case is evidentiary standard, which is not proper measure of whether complaint fails to state claim).

Accordingly, we reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.